**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0600-20

BOARD OF EDUCATION OF
THE TOWNSHIP OF
BARNEGAT, OCEAN COUNTY,

     Petitioner-Respondent,

v.

BOARD OF EDUCATION OF
THE FREEHOLD REGIONAL
HIGH SCHOOL DISTRICT,
MONMOUTH COUNTY,

     Respondent-Appellant.

_____

Argued January 20, 2022 – Decided April 1, 2022

Before Judges Hoffman, Whipple and Susswein.

On appeal from the New Jersey Commissioner of Education, Docket No. 294-11/19.

Mark G. Toscano argued the cause for appellant (Comegno Law Group, PC, attorneys; Mark G. Toscano and Alexandra A. Stulpin, of counsel and on the briefs; John Conor Lowenberg, on the briefs).

Jessika Kleen argued the cause for respondent Board of Education of the Township of Barnegat (Machado Law Group, attorneys; Jessika Kleen, of counsel and on the brief; Arian Rouzbehnia, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent New Jersey Commissioner of Education (David L. Kalisky, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

This appeal arises from a dispute between two school districts on whether to apportion the costs of educating a severely disabled special needs student, T.M.,[1] who attends an out-of-state boarding school. T.M.'s parents are divorced and reside in different school districts. The Board of Education of the Freehold Regional High School District (Freehold Regional) appeals an October 6, 2020 final state agency decision of the Commissioner of Education (Commissioner). The Commissioner adopted the ruling of the Administrative Law Judge (ALJ) granting summary judgment in favor of the Board of Education of the Township of Barnegat (Barnegat). The Commissioner concluded that under the governing regulatory framework, the domicile of the minor student could not be determined because there was no court order or written agreement designating

---

[1] We use initials throughout this opinion to protect the identity of the minor student. See R. 1:38-3(d)(17)

the child's school district and he was not residing with either parent but rather lived year-round at the American School for the Deaf (ASD) in West Hartford, Connecticut. The Commissioner directed an equitable determination of shared responsibility for the costs of the child's out-of-district education pursuant to N.J.A.C. 6A:22-3.1(a)(1)(ii). After carefully reviewing the record in view of the applicable legal principles, we affirm.

I.

Because we affirm substantially for the reasons explained in the Commissioner's thorough written opinion, which is, in turn, based on the ALJ's comprehensive written opinion, we need only briefly summarize the pertinent facts and procedural history. T.M. is eligible for special education and related services due to his severe cognitive disability and bilateral deafness. T.M.'s parents divorced in December 2007. Their final judgment of divorce designated H.L, T.M.'s mother, as the parent of primary residence and P.M., the child's father, as the parent of alternate residence. At that time, neither parent resided in Barnegat Township. No court order or written agreement between the parents designates the child's school district.[2]

---

[2] As we note later in this opinion, the parents have reached an agreement declaring that T.M.'s domicile is with his mother, regardless of the mother's

On April 24, 2017, H.L. registered the child with Barnegat, although the child split his time equally between his mother's Barnegat Township residence and his father's Marlboro Township residence. Initially, T.M. attended the Alpha School in Jackson Township in accordance with the Individualized Education Plan (IEP) dated June 9, 2017.

In December 2017, both parents jointly petitioned Barnegat for a due process hearing on T.M.'s behalf. The due process petition argued that the child's placement at the Alpha School was inappropriate and that his IEP was inadequate, depriving T.M. of a free appropriate education (FAPE). Among their complaints, the Alpha School was unable to provide sign language instruction, or any other deaf instruction. The school lacked any teacher qualified to teach the deaf. The petition requested immediate placement at the ASD, a residential program in West Hartford, Connecticut, where the child had been accepted.

On August 24, 2018, Barnegat entered into a Settlement Agreement and General Release with T.M.'s parents, individually and on behalf of T.M., which provided, "[c]ommencing on September 1, 2018, and continuing until at least

_____

town of residence. That agreement was made after the issuance of the final agency decision before us in this appeal. See infra note 4.

A-0600-20

August 31, 2019, T.M. [would] attend The American School for the Deaf ('ASD')," with the associated $488,000 tuition, room, and board expense "the sole responsibility of the Barnegat Township Board of Education." T.M. has since resided year-round at the ASD and not with either parent. During school holidays, the child spends equal time with both parents.

In September 2019, Barnegat approached Freehold Regional through counsel, proposing to share the cost of T.M.'s placement equally between the two districts. Freehold Regional refused. On November 8, 2019, Barnegat filed a petition with the Commissioner of Education seeking an order compelling Freehold Regional to assume shared responsibility for providing T.M. with a FAPE, including equal division of the expense associated with T.M.'s residential placement at the ASD. Barnegat sought to split the cost of the child's placement evenly going forward, and to be reimbursed for half of the expense they had already incurred.

Freehold Regional filed an answer to the petition, denying any obligation to bear such costs and requesting dismissal of the petition with prejudice. Freehold Regional argued that pursuant to the 2007 final judgment of divorce, T.M.'s primary residence was in Barnegat Township, where the child's mother

resided. Freehold Regional averred that it bore no responsibility for the expense associated with a child of another district.

The matter was transmitted to the Office of Administrative Law (OAL) as a contested case. Following the close of discovery, Barnegat filed a motion for summary judgment.

On July 20, 2020, ALJ Tricia M. Caliguire granted summary judgment in Barnegat's favor. Applying the standard for summary judgment set forth in Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), the ALJ concluded that "the parties raised no dispute with respect to material facts[,] and the obligations of Barnegat and Freehold [Regional] to share in the costs of T.M.'s out-of-district placement [could] be decided as a matter of law."

Citing N.J.S.A. 18A:38-1, the judge noted that "New Jersey public schools are required to provide FAPE to children between the ages of five and twenty who are domiciled within the school district." Therefore, "the resolution of this dispute . . . turn[s] on . . . how New Jersey regulations define the domicile of a child of divorced parents who reside in different school districts."

The ALJ explained that a child's eligibility to attend a school district is governed by N.J.A.C. 6A:22-3.1(a)(1)(i), which provides, "[a] student is eligible to attend a school district if he or she is domiciled within the school district."

That regulation considers a child's domicile in relation to his or her parents. The regulation contemplates several child custody scenarios when divorced parents reside in different school districts. Such a child is deemed to be domiciled with the parent with whom he or she lives for the majority of the school year, regardless of which parent has legal custody. Where the child resides with both parents equally, or resides with neither parent at all, the student's domicile is with the parent with whom the child "resided on the last school day prior to the October 16 preceding the application date." N.J.A.C. 6A:22-3.1(a)(1)(ii).

The ALJ concluded that neither scenario described in the regulation applies in this instance because T.M. resided at the ASD rather than with either parent during both the school year and the last school day prior to the preceding October 16. The ALJ further noted that N.J.A.C. 6A:22-3.1(a)(1)(ii)(3) provides that "[w]hen the domicile of a student with disabilities . . . cannot be determined pursuant to this section, nothing in this section shall preclude an equitable determination of shared responsibility for the cost of the student's out-of-district placement."

The ALJ reasoned that because "T.M.'s parents are domiciled in different districts and, given that he lives at ASD year-round and did not stay with either parent on October 15, 2019, and is expected to be at ASD on October 15, 2020,"

7

the matter's resolution depended on whether any court order or written agreement between the parents designates the child's school district of attendance. The ALJ found:

> The undisputed facts are that T.M. resides out-of-state for the majority of the year and when he is in New Jersey, he divides his time equally at the separate residences of his parents. At the time of their divorce, P.M. and H.L. did not enter into a written agreement designating the school district of attendance for T.M. as Barnegat[,] and why would they have, given that H.L. did not move to Barnegat until approximately ten years later. Neither party has provided any evidence that such a document was executed at any time after the divorce.

Accordingly, the ALJ "conclude[d] that T.M.'s domicile cannot be determined and therefore, pursuant to N.J.A.C. 6A: 22-3.1(a)(1)(ii), Barnegat and Freehold, the districts of domicile of T.M.'s parents, must share in the cost of T.M.'s out-of-district placement." The judge nonetheless rejected Barnegat's request for Freehold Regional to reimburse the district for "one-half of all costs incurred by Barnegat related to T.M.'s out-of-district placement beginning October 16, 2018." The ALJ deemed the request for retroactive reimbursement to be unfair because "Barnegat made no demand for payment at that time and Freehold [Regional] should not be responsible to cover costs for which it could not anticipate nor budget." The ALJ "[concluded] that Freehold's obligation to

share costs began with the 2019–2020 school year, coincident with the September 2019 demand from Barnegat." Accordingly, the ALJ ordered Freehold Regional to reimburse Barnegat "for one-half of the costs of T.M.'s placement at [ASD] for the 2019–2020 school year, and to share equally in all future costs continuing until such time as T.M. is no longer enrolled at ASD or P.M. no longer resides in Freehold, whichever is earlier."

Freehold Regional filed an exception to the ALJ's Initial Decision, requesting review by the Commissioner. The Commissioner issued the final decision on October 6, 2020. "Upon review, the Commissioner concur[red] with the ALJ that the circumstances of this matter support an equitable determination of shared responsibility for the cost of [the child's] out-of-district placement." The Commissioner found that "T.M.'s parents are domiciled in different school districts and there is no 'court order or written agreement between the parties designating the school district of attendance.'" Applying N.J.A.C. 6A:22-3.1(a)(1) as ALJ Caliguire had, the Commissioner was "unable to determine T.M.'s residence for the 2019–20 school year[.]" Therefore, the Commissioner reasoned, "an equitable determination of shared responsibility for the cost of the placement [was] permitted."

The Commissioner also addressed Freehold Regional's argument that "the custody arrangement in the Final Judgment of Divorce designating the mother as the parent of primary residence qualifie[d] as an agreement determining that Barnegat is the school district of attendance[.]" The Commissioner rejected that argument, reasoning that the regulation's requirement was explicit in requiring a court order or written agreement between the parents designating the school district of attendance. The Commissioner determined that for purposes of the governing regulation, "[a] parenting time arrangement as part of a divorce decree is not equivalent to a designation of the school district of attendance." The Commissioner further emphasized, "the circumstances here are precisely those anticipated by the regulation. A student with disabilities resides at an out-of-district placement and the domicile of the student cannot be determined because the parents live in different districts."

The Commissioner also considered and rejected Freehold Regional's contention that Barnegat's petition had been filed out of time. The Commissioner determined that Barnegat's petition "was filed within [ninety] days of Freehold's refusal of Barnegat's request for cost sharing for the 2019–20 school year[]" and thus complied with the requirements imposed by N.J.A.C. 6A:3-1.3(i).

Ultimately, the Commissioner adopted the ALJ's Initial Decision and directed Freehold "to reimburse Barnegat for one-half of the cost of T.M.'s out-of-district placement for the 2019–20 school year and to share equally in the future costs of T.M.'s placement at the [ASD], so long as the present circumstances remain the same."

This appeal followed. Freehold Regional raises the following contentions for our consideration:

> POINT I
>
> THE ALJ AND INTERIM COMMISSIONER OF EDUCATION FAILED TO PROPERLY ANALYZE THE PROCEDURAL DEFECTS OF BARNEGAT'S MOTION FOR SUMMARY DECISION.
>
> A. BARNEGAT FAILED TO PROPERLY IMPLEAD FREEHOLD IN THE DECEMBER 2017 PETITION FOR DUE PROCESS WHEN THEY HAD UNDISPUTED KNOWLEDGE OF THE FATHER'S DOMICILE PRIOR TO EXECUTING A SETTLEMENT AGREEMENT IN 2018.
>
> B. BARNEGAT IS PROCEDURALLY TIME BARRED FROM SEEKING CONTRIBUTION FROM FREEHOLD MORE [THAN] NINETY (90) DAYS AFTER THE SETTLEMENT AGREEMENT WITH THE PARENTS WAS FINALIZED.

11

POINT II

THE ALJ AND INTERIM COMMISSIONER OF EDUCATION IMPROPERLY IGNORED THE EXISTENCE OF THE PARENTS' 2007 FINAL JUDGMENT OF DIVORCE THAT DETERMINED DOMICILE OF T.M.

A. THE [FINAL JUDGMENT] OF DIVORCE CLEARLY INDICATED MOTHER WAS PARENT OF PRIMARY RESIDENCE.

POINT III

THE CIRCUMSTANCES BETWEEN THE PARTIES HAVE SIGNIFICANTLY AND MATERIALLY CHANGED SINCE THE JULY 20, 2020 INITIAL DECISION WHICH REQUIRES REVERSAL OF THE LOWER COURT'S DECISION.

A. THE [PARENTS] FREELY ELECTED TO SIGN A WRITTEN AGREEMENT INDICATING THAT T.M.'S DOMICILE SHALL REMAIN WITH THE MOTHER, REGARDLESS OF HER RESIDENCY.

B. THE FEBRUARY 2021 AGREEMENT IS EVIDENCE OF GAMESMANSHIP AND VIOLATES MULTIPLE STATUTES, WHICH LED TO AN OFFICIAL COMPLAINT BY FREEHOLD.

    i. BARNEGAT HELD FAPE HOSTAGE AGAINST THE PARENTS AS LEVERAGE IN EXCHANGE FOR A DESIGNATION OF SPLIT RESIDENCY.

POINT IV

PUBLIC POLICY DEMANDS A REVERSAL OF THE ALJ AND INTERIM COMMISSIONER'S

12

DECISIONS TO PREVENT BAD FAITH, GAMEMANSHIP, AND IMPROPER OUT-OF-STATE EDUCATIONAL PLACEMENTS.

## II.

We begin by acknowledging that the scope of our review of an administrative agency's final decision is limited. In re Herrmann, 192 N.J. 19, 27 (2007). The "final determination of an administrative agency . . . is entitled to substantial deference." In re Eastwick Coll. LPN-to-RN Bridge Program, 225 N.J. 533, 541 (2016) (citing Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Env't Prot., 191 N.J. 38, 48 (2007)); see also In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)) (finding "a 'strong presumption of reasonableness attaches to the actions of the administrative agencies.'"). In the ordinary course, an appellate court "should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-W. Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008); see also Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th

13

Cir. 1985)) (noting that abuse-of-discretion is established "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis'").

When reviewing the final decision of an agency, we examine:

> (1) whether the agency's action violates express or implied legislative policies . . .;
>
> (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and
>
> (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citations omitted).]

When an agency's decision satisfies these criteria, an appellate court should accord substantial deference to the agency's fact-finding and legal conclusions, in recognition of "the agency's 'expertise and superior knowledge of a particular field.'" Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). "An administrative agency's interpretation of a statute it is charged with enforcing is entitled to great weight." In re Saddle River, 71 N.J. 14, 24 (1976). The Appellate Division therefore accords great

deference to an agency's "interpretation and implementation of its rules enforcing the statutes for which it is responsible." In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 489 (2004).

### III.

We first address Freehold Regional's contentions that procedural defects preclude Barnegat's motion for summary judgment. Freehold Regional maintains that Barnegat's petition should have been dismissed because it failed to implead Freehold Regional in the underlying action that resulted in the 2018 Settlement Agreement between Barnegat and T.M. and his parents. Freehold Regional argues that "Barnegat's failure to join Freehold in the underlying action has severely prejudiced Freehold [Regional], and impaired or impeded its ability to protect their substantial interest in T.M.'s out-of-district placement[.]" The gravamen of Freehold Regional's argument is that it is unfair to bind it to an agreement to which it was not a party given that "Barnegat was on notice . . . that while [T.M.'s] custodial parent resided in Barnegat, his non-custodial parent resided in Freehold." Citing Rule 4:28-1[3] and N.J.A.C. 6A:3-1.3(b), Freehold

---

[3] Rule 4:28-1 provides

> A person who is subject to service of process shall be
> joined as a party to the action if (1) in the person's

Regional argues that Barnegat was thus obligated to join Freehold Regional in the resolution of the 2018 due process petition. We disagree.

The 2018 Settlement Agreement resolved a dispute between T.M.'s parents and Barnegat about whether T.M.'s IEP fulfilled the school district's obligation to provide the child with a FAPE. The due process challenge focused on the adequacy of the 2017 IEP and T.M.'s placement at the Alpha School. The subject of the Settlement was the sufficiency of T.M.'s placement for the 2018–2019 school year, not the division of financial responsibility to pay for it.[4]

Importantly, the ALJ was careful to exclude that year from defendant's cost-sharing obligation. The Commissioner concurred with the ALJ's finding and expressly rejected Freehold's argument that Barnegat's petition should be

absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest in the subject of the action and is so situated that the disposition of the action in the person's absence may either (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or other inconsistent obligations by reason of the claimed interest.

[4] We note that Freehold Regional does not argue on appeal that T.M.'s placement at the ASD is inappropriate, or that the Settlement Agreement to provide T.M. a FAPE by attendance at that school would have been different had Freehold Regional been impleaded in the due process petition matter.

A-0600-20

dismissed for failure to implead Freehold Regional. We agree with the Commissioner's final decision.

We likewise reject Freehold Regional's procedural argument that Barnegat's petition was filed out of time. N.J.A.C. 6A:3-1.3(i) provides in pertinent part that "[t]he petitioner shall file a petition no later than the [ninetieth] day from the date of receipt of the notice of a final order, ruling, or other action by the district board of education, individual party, or agency, that is the subject of the requested contested case hearing." Freehold Regional argues that because there is a "long-standing practice of interpreting settlement agreements to be binding contracts," the ninety-day statute of limitations began to run on August 28, 2018, with the execution of the 2018 Settlement Agreement. The written opinion issued by the Commissioner addressed this argument, concluding that "[t]his matter is not out of time; it was filed within [ninety] days of Freehold's refusal of Barnegat's request for cost sharing for the 2019–20 school year. Accordingly, this matter was timely filed pursuant to N.J.A.C. 6A:3-1.3(i)."

We agree with the Commissioner's conclusion. The subject of the present controversy is the cost-sharing responsibility between the two districts. The due process petition T.M.'s parents jointly filed on his behalf did not address the

allocation of costs between school districts. For purposes of N.J.A.C. 6A:3-1.3(i), the first "action" in the dispute that is presently before us was Barnegat's proposal through counsel to share the cost of T.M.'s placement at the ASD. Because Barnegat filed its petition to the Commissioner within ninety days of receiving Freehold's refusal, we agree with the Commissioner that Barnegat's petition for the Commissioner to resolve the dispute between the two school districts was timely filed.

IV.

We turn, finally, to the substantive merits of this appeal. As we have noted, we affirm the allocation of financial responsibility for T.M.'s FAPE for the reasons explained both by the ALJ and the Commissioner in their thorough and cogent written opinions. We have already summarized those opinions and need not repeat the findings of fact and law that led the Commissioner to accept the ALJ's Initial Opinion granting summary judgment in Barnegat's favor. We add the following comments.

Freehold Regional contends the Commissioner failed to properly interpret and apply the 2007 divorce order designating T.M.'s mother as the parent of primary residence and his father as the parent of alternative residence. Freehold Regional argues that in designating the mother as the parent of primary

residence, the final judgment of divorce evinced the parents' intent to designate the mother's residence as the child's domicile for purposes of determining the school district responsible for providing FAPE.

Freehold Regional cites <u>Cumberland Reg'l High Sch. Dist. Bd. of Educ. v. Freehold Reg'l High Sch. Dist. Bd. of Educ.</u>, 293 Fed. Appx. 900 (3d Cir. 2008), for the proposition that the educational costs for a student with a disability should be split between two boards of education only when (1) the parents share joint legal and physical custody of the child, and (2) when the domicile/residency of the student cannot be determined. Freehold Regional argues that because T.M.'s parents do not share equal legal and physical custody, the Commissioner had no authority to proceed to the second question of whether T.M.'s domicile was indeterminable. We disagree.

Both the ALJ and Commissioner carefully analyzed the facts and dutifully applied them to the governing regulation codified at N.J.A.C. 6A:22-3.1(a)(1). That regulation provides:

> (a) A student is eligible to attend a school district if he or she is domiciled within the school district.
>
>> 1. A student is domiciled in the school district when he or she is the child of a parent or guardian whose domicile is located within the school district.

19

i. When a student's parents or guardians are domiciled within different school districts and there is no court order or written agreement between the parents designating the school district of attendance, the student's domicile is the school district of the parent or guardian with whom the student lives for the majority of the school year. This subparagraph shall apply regardless of which parent has legal custody.

ii. When a student's physical custody is shared on an equal-time, alternating week/month or other similar basis so the student is not living with one parent or guardian for a majority of the school year and there is no court order or written agreement between the parents designating the school district of attendance, the student's domicile is the present domicile of the parent or guardian with whom the student resided on the last school day prior to the October 16 preceding the application date.

(1) When a student resided with both parents or guardians, or with neither parent or guardian, on the last school day prior to the preceding October 16, the student's domicile is that of the parent or guardian with whom the parents or guardians indicate the student will be residing on the last school day prior to the ensuing October 16. When the parents or guardians do not designate or cannot agree upon the student's likely

20

residence as of that date, or if on that date the student is not residing with the parent or guardian previously indicated, the student shall attend school in the school district of domicile of the parent or guardian with whom the student actually lives as of the last school day prior to October 16.

(2) When the domicile of a student with disabilities as defined in N.J.A.C. 6A:14, Special Education, cannot be determined pursuant to this section, nothing in this section shall preclude an equitable determination of shared responsibility for the cost of the student's out-of-district placement.

The ALJ concluded that T.M.'s parents "did not enter into a written agreement designating the school district of attendance for T.M." The Commissioner reached that same conclusion.[5] The Commissioner and ALJ both

---

[5] We note that Freehold Regional contends that just weeks after the final agency decision was issued, T.M.'s parents "freely signed" a document declaring that T.M.'s domicile was with his mother, regardless of the mother's town of residence. Freehold Regional argues this agreement constitutes a material change in circumstances. However, our review is limited to the final agency decision issued by the Commissioner on October 6, 2020. Because this purported agreement was not made until after the Commissioner rendered a final decision, it is not part of the record before us. We decline to exercise what essentially would be original jurisdiction by accounting for the impact of the purported post-decision agreement between T.M.'s parents. We note that

determined that the final divorce order does not constitute such an agreement. The Commissioner reasoned, "Freehold wrongfully attempts to allege that a 2017 Divorce Agreement is relevant. However, the Divorce Agreement does not designate the school district of attendance, and has no merit in this analysis." Rather, the Commissioner concluded, "the regulation's requirement is explicit. A parenting time arrangement as part of a divorce decree is not equivalent to a designation of the school district of attendance."

We do not believe that conclusion was arbitrary, capricious, or unreasonable. Nor do we believe that interpretation constitutes a failure to follow the governing law as to warrant our intervention. See In re Virtua-W. Jersey Hosp., 194 N.J. at 422. We note that Freehold Regional cites no published authority to support its contention that "courts have continuously

_____

because the final agency decision contemplates ongoing sharing of costs, nothing in this opinion would preclude Freehold Regional from filing a petition with the Commissioner to address changed circumstances. We note in this regard that the Commissioner's written opinion expressly provides that the apportionment of costs shall continue "so long as the present circumstances remain the same."

A-0600-20

emphasized that 'after a divorce or judicial separation, a custody order is persuasive evidence of a child's domicile.'"[6]

Furthermore, as we have noted, we owe deference to the Commissioner's interpretation of education regulations. Eastwick, 225 N.J. at 541 (citation omitted). The governing regulation expressly provides, "[w]hen the domicile of a student with disabilities . . . cannot be determined pursuant to this section, nothing in this section shall preclude an equitable determination of shared responsibility for the cost of the student's out-of-district placement." N.J.A.C. 6A:22-3.1(a)(1)(iii) (emphasis added). In this instance, because neither of the child custody scenarios set forth in the regulation apply, see N.J.A.C. 6A:22-3.1(a)(1)(ii), the plain language of the regulation permits the Commissioner to conclude that domicile cannot be determined. That conclusion in turn allows the cost of providing FAPE to be split between both districts.

Finally, we address Freehold Regional's contention that public policy requires us to reverse the Commissioner's decision because it will have the effect of permitting one school district to obligate another district to a placement expense without notice. That argument did not persuade the Commissioner, who

---

[6] Freehold Regional cites only to an unpublished decision, which has no precedential authority. R. 1:36-3 ("No unpublished opinion shall constitute precedent or be binding upon any court.").

bears responsibility not only for implementing educational policy in this state but also for resolving disputes between school districts. Mindful of the deference we owe to administrative agencies acting within their realm of authority, see Eastwick, 225 N.J. at 541, we decline to substitute our policy judgment for that of the Commissioner. To the extent we have not expressly addressed them, any remaining arguments raised by Freehold Regional lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0600-20